IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANN BOGIE,

      Plaintiff,      OPINION AND ORDER

 v.

                    11-cv-324-wmc

JOAN ALEXANDRA MOLINSKY SANGER
ROSENBERG A/K/A JOAN RIVERS, IFC
FILMS, LLC, BREAK THRU FILMS, INC.,
RICKI STERN, ANNIE SUNDBERG, and
SETH KEAL,

      Defendants.

---

   In this civil action, plaintiff Ann Bogie pursues a state law claim for invasion of privacy pursuant to Wis. Stat. § 995.50 against defendants, consisting of four individuals, a limited liability corporation and a corporation. (Original Compl. (dkt. #1-2).) Bogie filed her complaint in Oneida County Circuit Court. Defendants filed a notice of removal pursuant to 28 U.S.C. § 1441, on the basis that this court may exercise diversity jurisdiction to decide its claims pursuant to 28 U.S.C. § 1332(a)(1). (Notice of Removal (dkt. #1).) Because the allegations in the original complaint and the amended complaint are insufficient to determine whether diversity jurisdiction actually exists, and defendants failed to supplement their original notice of removal with the necessary information, defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Notice of Removal (dkt. #1) ¶¶ 4-14.) But for the latter to be true there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," defendants have not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Defendants sufficiently allege the citizenship of the four individual defendants and defendant Break Thru Films, Inc., but defendants' notice of removal

lacks *any* allegations regarding the names or the citizenship of any of defendant IFC Films LLC's members.[1]

Instead, defendant alleges IFC Films LLC is a "incorporated in the state of Delaware, and its principal place of business is located at 11 Penn Plaza, 15th Floor, New York, New York 10001." (Notice of Removal (dkt. #1) ¶ 7; *see also* Original Compl. (dkt. #1-2) ¶ 4; Am. Compl. (dkt. #24) ¶ 6.) The Seventh Circuit had advised repeatedly that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *See, e.g.*, *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before remanding this action for lack of subject matter jurisdiction, defendants will be given leave to file within 14 days an amended notice of removal establishing subject matter jurisdiction by alleging the names and citizenship of each member of IFC Films, LLC. In alleging the LLC's citizenship, defendants should keep in mind that if the member or members of LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

---

[1] In the original complaint, Bogie also named Joan Rivers Worldwide Enterprises, LLC as a defendant. The allegations of the citizenship of Joan Rivers Worldwide Enterprises, LLC are also insufficient, but since that defendant has been dismissed (dkt. #23), defendants need not amend their notice of removal to include sufficient allegations of the citizenship of Joan Rivers Worldwide Enterprises, LLC.

ORDER

IT IS ORDERED that:

1) defendants shall have until October 17, 2011, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt remand of this matter for lack of subject matter jurisdiction.

Entered this 3rd of October, 2011.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge